IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKICIA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 CV 2329 |
| | ) | |
| CITY OF CHICAGO, BOKUNIEWICZ, | ) | |
| #1494, CHLIPALA, #856, CONDREVA, | ) | |
| #7276, and KOTRBA, #4477, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, LAKICIA BROWN, by and through his counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO, BOKUNIEWICZ, #1494, CHLIPALA, #856, CONDREVA, #7276, and KOTRBA, #4477, states as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff LAKICIA BROWN is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5. Defendants BOKUNIEWICZ, #1494, CHLIPALA, #856, CONDREVA, #7276, and KOTRBA, #4477, ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

6. Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

## FACTS

7. On or around 30 December 2021, Plaintiff Lakicia Brown drove her spouse to the police station to report their other car missing.

8. Ms. Brown waited in the car while her spouse went into the station.

9. After a long time, Defendant Officers came out, ordered her out of her vehicle, and began questioning her about whether she owned a gun.

10. There was no reasonable and articulable suspicion for the investigative detention of Ms. Brown.

11. Ms. Brown said that she owned a weapon and showed the Defendant Officers her valid FOID card and CCL.

12. In Ms. Brown's presence, Defendant Officers entered her vehicle and retrieved her weapon.

13. Ms. Brown did not consent to the unlawful search of her vehicle and the seizure of her lawfully owned weapon.

14. Defendant Officers did not have a warrant for the search of her vehicle or the seizure of her weapon.

15. Defendant Officers then handcuffed Ms. Brown and searched her vehicle.

16. Ms. Brown was then detained her in the station.

17. There was no probable cause for the arrest of Ms. Brown or legal authority to search her vehicle.

18. After a number of hours, Ms. Brown was released from police custody without charging.

19. The acts of Defendant Officer were intentional, willful and wanton.

20. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – Illegal Seizure

21. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

22. The seizure of Plaintiff's person and property performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to

be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

23. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of her liberty and the taking of her person and property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed her to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, LAKICIA BROWN, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – Illegal Search

24. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

25. The search of Plaintiff's person and vehicle performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

26. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of her liberty and the taking of her person and property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed her to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, LAKICIA BROWN, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – False Imprisonment/Arrest

27. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

28. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

29. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, LAKICIA BROWN, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT IV: 42 U.S.C. § 1983 – Failure to Train, Supervise, and/or Discipline**

30. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

31. Defendant Officers arrested Plaintiff without probable cause in violation of the United States Constitution.

32. Plaintiff's injuries were caused by the policies, practices, and customs of Defendant City of Chicago.

33. At all relevant times, the City of Chicago promulgated rules, regulations, policies, and procedures for the arresting, reporting, and testifying regarding alleged criminal offenses.

34. These rules, regulations, policies, and procedures were implemented by officers and agents of the Chicago Police Department, including the Defendant Officers who were responsible for arresting Plaintiff for possessing a lawfully owned weapon.

35. Additionally, at all times relevant, Defendant City of Chicago had notice of a widespread practice by officers and agents of the Chicago Police Department under which individuals like Plaintiff, who were suspected of criminal activity, were routinely arrested for criminal offenses although there was no genuine probable cause. It was common for suspects to be arrested by agents of the Chicago Police Department based upon false and/or manufactured probable cause.

36. These widespread practices were allowed to flourish because the leaders, supervisors, and policymakers of the Chicago Police Department directly

encouraged and were thereby the moving force behind the very type of misconduct at issue, by failing to adequately train, supervise, and control their officers, agents, and employees, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses like those that affected Plaintiff.

37. Officers are routinely given special treatment and assignments based upon their number of gun arrests.

38. In fact, CPD personnel have been caught manipulating arrests to garner media attention and acclaim, and CPD supervisors have encouraged this conduct.

39. The above widespread practices were so well-settled as to constitute *de facto* policy of the Chicago Police Department and were able to exist and thrive because policymakers exhibited deliberate indifference to the problem, thereby effectively ratifying it.

40. In addition, the misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago in that the constitutional violations committed against Plaintiff were committed either directly by, or with the knowledge or approval of, people with final policymaking authority for the Chicago Police Department.

41. The policies, practices, and customs set forth above have resulted in numerous circumstances, including the one at issue here, where individuals were released without charging and/or found not guilty of possessing a weapon after being falsely accused by one or more CPD officers.

42. Plaintiff's injuries were caused by officers, agents, and employees of the City of Chicago, including but not limited to the individually-named Defendants, who acted pursuant to the policies, practices, and customs set forth above in engaging in the misconduct described in this Count.

43. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, LAKICIA BROWN, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS and DEFENDANT CITY for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 745 ILCS 10/9-102 – Indemnification

44. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

45. Defendant City of Chicago is the employer of the Defendant Officers.

46. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE the Plaintiff, LAKICIA BROWN, demands that, should any individually-named defendants be found liable on one or more of the claims set forth

8

above, pursuant to 745 ILCS 10/9-102, the Defendant CITY OF CHICAGO be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        Respectfully Submitted,

        **LAKICIA BROWN**

      By: s/ Jeanette Samuels
        *One of Plaintiff's Attorneys*

        Jeanette Samuels
        SAMUELS & ASSOCIATES, LTD.
        53 West Jackson Blvd., Suite 831
        Chicago, Illinois 60604
        T: (872) 588-8726
        F: (872) 813-5256
        E: sam@chicivilrights.com