UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKICIA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-CV-02329 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, JOSEPH BOKUNIEWICZ, | ) | Judge Sharon Johnson Coleman |
| JOSEPH CHLIPALA, DANIEL CONDREVA, | ) | |
| and STEVEN KOTRBA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lakicia Brown brings this lawsuit pursuant to 42 U.S.C. § 1983 for damages she faced from an incident at a City of Chicago police station on December 30, 2021. In response, defendants Joseph Bokuniewicz, Joseph Chlipala, Daniel Condreva, and Steven Kotrba, (collectively, the "Officers") and, separately, the City of Chicago (the "City") move to dismiss Count III, Brown's § 1983 False Imprisonment Claim, and Count IV, Brown's § 1983 Failure to Train claim. For the following reasons, the Court denies the City's motion [12] and grants in part and denies in part the Officers' motion [16].

**Background**

The following facts are taken as true for the purpose of this motion. The Officers were police officers employed by the City. On December 30, 2021, Brown drove her spouse to a police station to report that their other car was missing. Her spouse went into the station while Brown waited in the car. The Officers later approached Brown and ordered her out of her car, questioning her about whether she owned a gun. She explained that she owned a weapon and showed the Officers her valid Firearm Owners Identification ("FOID") card and concealed carry license ("CCL"). Although she did not provide consent to search her vehicle, the Officers entered her car

1

and retrieved her gun without a warrant. She was handcuffed and brought into the station, where she remained in custody for several hours before she was released without charges.

According to Brown, the City has notice of an unlawful widespread practice where officers routinely arrest individuals like Brown based on fabricated probable cause. Although Brown alleges that the City had policies for arrests, she contends that City policymakers encouraged and were the moving force behind this misconduct because they failed to train or adequately discipline officers after prior instances of misconduct. Rather, she states that officers are given special treatment based on the number of gun arrests they have. As a result, Brown claims there have been numerous instances of individuals released without facing a charge for possession of a weapon after being falsely accused by officers, and that officers have been caught manipulating arrests to obtain media attention.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**Discussion**

As a result of the aforementioned conduct, Brown brings several claims: a § 1983 claim against the Officers for illegal seizure; a § 1983 claim against the Officers for an illegal search; a § 1983 claim against the Officers for false imprisonment / arrest; a § 1983 claim against the City for failing to train, supervise or discipline the officers; and an indemnification claim.

The Officers maintain that Count III, Brown's false imprisonment claim, is duplicative of Count I, Brown's illegal seizure claim, such that dismissal is warranted. If a claim is based on the same facts and the same injury, courts have authority to dismiss the claim. *See, e.g., FDIC v. Saphir*, No. 10 C 7009, 2011 WL 3876918, at *9 (N.D. Ill. Sept. 1, 2011) (Pallmeyer, J.). Brown argues that her claims are not duplicative because the standard for determining an illegal seizure is different from an unlawful arrest claim.

As the Seventh Circuit has recognized, "[t]wo categories of seizure implicate the Fourth Amendment: an investigative stop and an arrest." *United States v. Mancillas*, 183 F.3d 682, 695 (7th Cir. 1999). Brown maintains that her claims are distinct: one is based on the initial detention, which she suggests is subject to the dictates of a *Terry* stop and only requires reasonable suspicion, *see id.*, and the other is based on an unlawful arrest, which occurs in the absence of probable cause, *see Neita v. City of Chi.*, 830 F.3d 494, 497 (7th Cir. 2016). When assessing whether claims are duplicative, courts consider whether the claims require "proof of essentially the same elements." *Beringer v. Standard Parking O'HARE Joint Venture*, Nos. 07 C 5027, 07 C 5119, 2008 WL 4890501, at *4 (N.D. Ill. Nov. 12, 2008) (Pallmeyer, J.). The standards here are slightly distinct, even if the claims substantially overlap. As another Judge in this district recently recognized, the Seventh Circuit and courts in this district have allowed the "viability of both claims even when an alleged false arrest arises out of the basis of the unlawful seizure." *Williams v. City of Chi.*, No. 22 CV 3773, 2023 WL 6388891, at *12 (N.D. Ill. Sept. 29, 2023) (Jenkins, J.) Therefore, the Court is unconvinced that the false arrest claim should be dismissed, and the Officer's motion is denied as to this claim.[1]

---

[1] The Officers also argued in the alternative that a state law false imprisonment claim would be dismissed as time-barred. Brown does not argue that she brought this claim under state law, and thus the Court does not further consider this argument.

The Officers also moved to dismiss Count IV, the failure to train claim, brought against them. Brown does not contest dismissal of this count. Therefore, the Court grants the Officers' motion to the extent it requests dismissal of Count IV against the Officers.

The City also moves to dismiss Count IV, Brown's *Monell*[2] claim. To sustain this claim against the City, Brown must allege that a constitutional violation was caused by (1) an express policy, (2) a widespread practice that is so permanent and well-settled to constitute a custom, or (3) a constitutional violation caused by someone with final policymaking authority. *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) (internal citation omitted). Furthermore, Brown must show (1) an action pursuant to such a policy, (2) that policymakers were deliberately indifferent to a known risk, and (3) that the action was the "moving force" behind the alleged injury. *Hall v. City of Chi.*, 953 F.3d 945, 950 (7th Cir. 2020). The City argues that Brown has not sufficiently pled enough facts to meet any of the aforementioned elements.

A *Monell* claim is not subject to a "heightened pleading standard." *White v. City of Chi.*, 829 F.3d 837, 844 (7th Cir. 2016). Nevertheless, a plaintiff must "provide some specific facts to support the legal claims asserted in the complaint" and cannot simply engage in a "formulaic recitation of the cause of action." *McCauley v. City of Chi.*, 671 F.3d 611, 616–17 (7th Cir. 2011) (internal citations omitted).

Brown frames her case as a widespread practice claim. Although the briefing is a bit confusing on this issue, it is the Court's understanding that Brown's claim is rooted in the allegedly widespread practice of executing arrests without probable cause. Brown argues that the City should be held liable due to its failure to train officers by failing to discipline them when they engage in these unlawful arrests. She argues that this practice is further bolstered by the City's provision of special treatment for officers who make more gun arrests.

---

[2] *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed 2d 611 (1978)

This case is on the line. Brown alleges "numerous" instances where someone, like Brown, was taken into custody without probable cause. The City maintains that this lacks the necessary specifics to sustain her claim. In response, Brown cites *White,* which found that a plaintiff is "not required to identify every other or even one individual who had been arrested." *White*, 829 F.3d at 844. Although some courts have interpreted *White* narrowly, to mean that an individual's experience is sufficient at the motion to dismiss stage, other courts have interpreted *White* to mean that plaintiffs need not provide specifics when they can point to other allegations that support their claims. *See Eichelkraut v. Jungles*, No. 21 C 02528, 2022 WL 103708, at *7 (N.D. Ill. Jan. 11, 2022) (Durkin, J.) (noting the varied interpretations of *White* and finding that the court "did not declare that personal experience alone was sufficient").

Reading the complaint on the whole, the Court finds that Brown has sufficiently pleaded the additional context needed to sustain her *Monell* claim. Indeed, she does not detail the "numerous" other instances similar to her own. But this allegation, along with her claims that officers manipulate arrests to get acclaim and are incentivized to increase the number of gun arrests to get special treatment, plausibly suggests that there may be a widespread practice of fabricating probable cause to increase the number of gun arrests. An arrest without probable cause is a constitutional violation, *see Fox v. Hayes*, 600 F.3d 819, 832 (7th Cir. 2010), and taking Brown's allegations as true, if the City does not discipline officers for such conduct, that suggests deliberate indifference to the violations at hand, *see First Midwest Bank Guardian of Estate of LaPorta v. City of Chi.*, 988 F.3d 978, 986 (7th Cir. 2021) (discussing how this element is met when it is "obvious" that the municipality's action "would lead to constitutional violations and[] the municipality consciously disregarded those consequences"). And if officers know they will not be disciplined, but rather rewarded for the increased number of arrests, that indicates that the City's action may be a moving force behind the injury. *Bd. of Cty. Commr's of Bryan County, Olk. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L.

5

Ed. 2d 626 (1997) (discussing how a moving force is demonstrate when there is a "direct causal link between the municipal action and the deprivation of federal rights").

In sum, the Court finds that the complaint plausibly raises a *Monell* claim. Brown will need to substantiate these allegations, but at this stage of the case, Brown has stated a claim for relief and the City's motion must be denied.

**Conclusion**

For the above reasons, the Court grants in part and denies in part the Officer's motion to dismiss and denies the City's motion to dismiss.

IT IS SO ORDERED.

Date: 10/6/2023  Entered:_____
SHARON JOHNSON COLEMAN
United States District Judge